**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**CLAIRE FITZGERALD**                                               **PLAINTIFF**

**VS.**                                     **CIVIL ACTION NO.: 3:26-cv-222-SA-JMV**

**JAMES R. BAUGHER, ERIC KOMITEE,
MICHAEL LOGUERCIO, MARGO K. BRODIE**                  **DEFENDANTS**

**ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND
RECOMMENDING DISMISSAL**

This matter is before the court on a motion to proceed in forma pauperis [Doc. 2] by Claire Fitzgerald. After due consideration, the Court finds that the motion to proceed in forma pauperis is well taken and is **GRANTED.** However, service of the same is withheld as the court, *sua sponte*, reviews this *pro se* pauper status complaint for consideration of recommendation of dismissal for failure to state a claim on which relief can be granted pursuant to 28 U.S.C. § 1915(E)(2)(B).

28 U.S.C. § 1915(e)(2)(B) imposes a screening responsibility on the district court when the plaintiff has been granted pauper status. That section provides, in relevant part, as follows:… the court shall dismiss the case at any time if the court determines that ... (B) the action or appeal—(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

Plaintiff's complaint is a single page in length. The entirety of the body of Plaintiff's complaint reads "Defendants do not honor gay rights, while this Court must instruct them. Punitive damages is sought." [Dkt. 1].[1]

---

[1] On a brief, but non exhaustive, review of other court dockets, Plaintiff has simultaneously filed an identical complaint in at least 11 other district courts across the United States. *See Fitzgerald v. Baugher et al*, Docket No. 3:26-cv-00285 (D. Alaska Aug 04, 2026), *Fitzgerald v. Baugher et al*, Docket No. 3:26-cv-00622 (W.D.N.C Aug 03, 2026), *Fitzgerald v. Baugher et al*, Docket No. 8:26-cv-00383 (D. Neb. Aug 03, 2026), *Fitzgerald v. Baugher et al*, Docket No. 2:26-cv-02449 (D. Kan. Aug 03, 2026), *Fitzgerald v. Baugher et al*, Docket No. 4:26-cv-01235 (E.D. Mo. Aug 03, 2026), *Fitzgerald v. Baugher et al*, Docket No. 4:26-cv-00057 (W.D. Tex. Aug 03, 2026), *Fitzgerald v. Baugher et al*, Docket No. 1:26-cv-00625 (D.N.H. Aug 03, 2026), *Fitzgerald v. Baugher et al*, Docket No. 1:26-cv-

1

A cause of action fails to state a "claim upon which relief can be granted" if, *inter alia*, it fails to comply with the requirements of Rule 8(a). *Bank of Abbeville & Trust Co. v. Commonwealth Land Title Ins. Co.,* 201 Fed. App'x 988, 990 (5th Cir. 2006). Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint set forth "'sufficient facts from which the court can determine the existence of subject matter jurisdiction and from which the defendants can fairly appreciate the claim made against them.'" *Avitts v. Amoco Prod. Co.*, 53 F.3d 690, 693 (5th Cir. 1995) (quoting Fed. R. Civ. P. 12(h)(3)); *see also Shannon v. Horton*, No. CV 22-4362, 2022 WL 22860167, at *2 (E.D. La. Nov. 4, 2022). Rule 8 demands more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff fails to provide any factual allegations that provide support for her claim or make any statement showing that she is entitled to relief. Plaintiff invokes impeachment, a power exclusively given to the legislature. *Immigr. & Naturalization Serv. v. Chadha*, 462 U.S. 919, 955 (1983). Plaintiff also fails to allege any basis for this Court's jurisdiction. Her complaint is bereft of any facts or details indicating the basis of her claim or why this claim is properly before this Court.

Based on the forgoing, the undersigned recommends that Plaintiff's complaint be DISMISSED for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B).

Procedure for Objections

The *pro se* Plaintiff is referred to L.U. Civ. R. 72(a)(3) for the applicable procedure in the event she desires to file objections to the findings and recommendations herein contained. A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a

---

00758 (M.D.N.C. Aug 03, 2026), *Fitzgerald v. Baugher et al*, Docket No. 2:26-cv-00631 (M.D. Ala. Aug 03, 2026), *Fitzgerald v. Baugher et al*, Docket No. 1:26-cv-00329 (E.D. Tex. Aug 03, 2026), Fitzgerald v. Baugher et al, Docket No. 1:26-cv-13517 (D. Mass. Aug 03, 2026). Duplicative filing of complaints across multiple districts indicates a pattern of vexatious litigation that wastes judicial resources and may result in sanctions to the filer. *See Emrit v. Bd. of Immigr. Appeals*, No. 2:22-CV-00110, 2022 WL 4287659, at *1 (S.D.W. Va. Mar. 31, 2022), report and recommendation adopted, No. 2:22-CV-00110, 2022 WL 3594518 (S.D.W. Va. Aug. 23, 2022).

magistrate judge's report and recommendation within (14) fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

So ordered and respectfully submitted, this the 5h day of August, 2026.

/s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**